# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY J. LADUKE**, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.<br>) |
| **SOUTHERLAND TRANSPORT, LLC**,<br>Serve BOC3 Registered Agent:<br>  Joseph C. Rebman<br>  Rebman, Linhares & Beachem<br>  165 N. Meramec Ave., Ste. 310<br>  St. Louis, MO  63105 | ) **JURY DEMAND**<br>)<br>)<br>)<br>)<br>)<br>) |
| **LARRY E. KEASLER**<br>Serve at:<br>  4817 Baker St.<br>  Spencer, OK  73084-2529 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Timothy J. LaDuke, II by and through his attorneys of record, Bradley L. Bradshaw and Jonathan P. Davis of Brad Bradshaw, M.D., J.D., L.C., and for his claims and causes of action against the Defendants, Southerland Transport, LLC and Larry E. Keasler, alleges and states as follows:

### PLAINTIFF

1. That Plaintiff Timothy J. LaDuke, II, is an individual citizen and resident of Springfield, Greene County, Missouri.

### DEFENDANTS

2. That Defendant Southerland Transport, LLC, a commercial motor carrier operating in interstate commerce, is a foreign corporation in good standing in the State of

Tennessee, duly authorized and existing according to law and doing business in Tennessee, whose BOC3 registered agent is Joseph C. Rebman, Rebman, Linhares & Beachem, 165 N. Meramec Ave., Ste. 310, St. Louis, MO 63105.

3. That Defendant, Larry E. Keasler, a commercial motor vehicle operator, is an individual citizen and resident of Spencer, Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

4. That the acts hereinafter mentioned giving rise to this cause of action all occurred in Greene County, Missouri; that the causes of action alleged are torts; that Plaintiff's damages exceed $75,000.00; and that, pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction and venue, respectively, in this cause.

## AGENCY

5. That Defendant Southerland Transport, LLC, at all relevant times herein mentioned, regularly employed Defendant Larry E. Keasler; that Defendant Larry E. Keasler, at all relevant times herein mentioned, was an agent, servant, statutory employee, or employee of Defendant Southerland Transport, LLC and acting within the course and scope of his employment or agency.

6. That Defendant Southerland Transport, LLC, cloaked Defendant Larry E. Keasler with apparent authority, and Defendant Southerland Transport, LLC, further created in the public's mind, including Plaintiff's, that Defendant Larry E. Keasler was an agent, servant, statutory employee, or employee of Defendant Southerland Transport, LLC.

7. That Defendant Southerland Transport, LLC was a motor carrier as the term is defined within the meaning of the Federal Motor Carrier Safety Regulations (FMCSR) set forth in Title 49 of the CFR.

## FACTS OF THE OCCURRENCE

8. On or about October 16, 2020 at approximately 8:47 a.m., Plaintiff Timothy J. LaDuke, II was the driver of a 2006 Chrysler Town & Country traveling in a general easterly direction on Kearney Street in Greene County, Missouri.

9. That at the same time and place, Defendant Larry E. Keasler, was operating a tractor trailer owned by Southerland Transport, LLC, and traveling in a general easterly direction on Kearney Street in Greene County, Missouri.

10. That at the aforementioned time and place, the tractor trailer that Defendant Larry E. Keasler was operating came into violent contact and collision with the 2006 Chrysler Town & Country, severely and permanently injuring Plaintiff Timothy J. LaDuke, II.

## COUNT I
## NEGLIGENCE OF DEFENDANT LARRY E. KEASLER

COMES NOW, Plaintiff Timothy J. LaDuke, II, by and through his attorneys, and for his claim and cause of action on Count I of this Complaint against Defendant Larry E. Keasler alleges and states as follows:

11. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

12. That Defendant Larry E. Keasler had a duty to operate the commercial motor vehicle with the highest degree of care, failed to do so and was negligent or negligent per se in one, more than one, or all of the following respects, to-wit:

   a. In failing to keep a careful lookout;

   b. In failing to stop, slow, swerve, or sound a warning;

   c. In failing to yield the right of way;

   d. In violating one or more of the Federal Motor Safety Regulations;

e. In violating Federal Motor Carrier Safety Regulation §392.2;

   f. In violating one or more of the Missouri CDL standards that have been incorporated into §380 of FMCSR's;

   g. In violating RSMo §304.341.1(1); and,

   h. All other acts of negligence learned through discovery.

13. That the negligence or negligence per se of Defendant Larry E. Keasler, directly caused or directly contributed to cause serious and permanent damage and/or injuries to Plaintiff in one, more than one, or all of the following respects, to-wit:

   a. That Plaintiff Timothy J. LaDuke, II has suffered painful, permanent, and progressive bodily injury to his ribs, cervical spine, thoracic spine, right hand and fingers;

   b. That Plaintiff Timothy J. LaDuke, II has suffered and will continue to suffer from severe and violent injury his ligaments, nerves, bones, and tissues throughout his body;

   c. That Plaintiff Timothy J. LaDuke, II suffered serious worsening of multiple pre-existing illnesses to the extent such even existed;

   d. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has incurred, and will incur in the future, significant medical bills and expenses, healthcare expenses, and prescriptive expenses, the exact amount of which are presently unknown;

   e. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has suffered pain, physical impairment and loss of life's enjoyment; and

   f. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has suffered lost wages and his ability to earn a living in the future has been diminished.

   WHEREFORE, Plaintiff Timothy J. LaDuke, II prays for judgment against Defendant Larry E. Keasler, on Count I of this Complaint in an amount that is fair and reasonable as determined by either the court or a jury, and those damages permitted by

4

law; for prejudgment interest; for Plaintiff's costs herein expended and incurred, and for such further and other relief as deemed just and proper under the premises.

## COUNT II
## VICARIOUS LIABILITY OF DEFENDANT SOUTHERLAND TRANSPORT, LLC

14. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

15. That Defendant Larry E. Keasler was an agent, servant, employee, or statutory employee of Defendant Southerland Transport, LLC and was operating in the course and scope of his agency, employment, or statutory employment at the time of the crash.

16. That Defendant Southerland Transport, LLC is vicariously liable for the negligent acts, omissions, and/or negligent per se acts of Defendant Larry E. Keasler.

17. That the negligence, omissions, and/or negligence per se of Defendant Larry E. Keasler, directly caused or directly contributed to cause serious and permanent damage and/or injuries to Plaintiff in one, more than one, or all of the following respects, to-wit:

   a. That Plaintiff Timothy J. LaDuke, II has suffered painful, permanent, and progressive bodily injury to his ribs, cervical spine, thoracic spine, right hand and fingers;

   b. That Plaintiff Timothy J. LaDuke, II has suffered and will continue to suffer from severe and violent injury his ligaments, nerves, bones, and tissues throughout his body;

   c. That Plaintiff Timothy J. LaDuke, II suffered serious worsening of multiple pre-existing illnesses to the extent such even existed;

   d. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has incurred, and will incur in the future, significant medical bills and

expenses, healthcare expenses, and prescriptive expenses, the exact amount of which are presently unknown;

e. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has suffered pain, physical impairment and loss of life's enjoyment; and

f. That as a direct and proximate cause of Defendant's negligence, Plaintiff Timothy J. LaDuke, II has suffered lost wages and his ability to earn a living in the future has been diminished.

18. That Plaintiff sustained damage to his 2006 Chrysler Town & Country;

WHEREFORE, Plaintiff Timothy J. LaDuke, II prays for judgment against Defendant Southerland Transport, LLC, on Count II of this Complaint in an amount that is fair and reasonable as determined by either the court and a jury, and those damages permitted by law; for prejudgment interest; for Plaintiff's costs herein expended and incurred, and for such further and other relief as deemed just and proper under the premises.

## JURY DEMAND

The Plainiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Procedure.

Respectfully Submitted,

**BRAD BRADSHAW, M.D., J.D., L.C.**
1736 E. Sunshine, Suite 600
Springfield, MO 65804
(417) 333-3333; FAX (417) 889-9229

By: _____
    Bradley L. Bradshaw, M.D., J.D.
Bar Numbers:
Kansas          15801
Missouri        41683
Iowa            AT0013939
Texas           00789165
Washington, D.C. 441423

brad@semitrucklaw.com

By: _____
    Jonathan P. Davis
Bar Numbers:
Missouri     60988
Arkansas    2009080
jondavis@semitrucklaw.com

*ATTORNEYS FOR PLAINTIFF*